UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BLUE POINT ONE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cv-343-HSM-SKL |
| ) | |
| JES BEARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Blue Point One, LLC, a Tennessee limited liability company, ("Plaintiff") brought suit to quiet title in certain real property against Defendants Jes Beard ("Beard"), his heirs and assigns, John M. McDonald ("McDonald"), his heirs and assigns, Hypo Holdings, Inc. ("Hypo"), its successors and assigns, the City of Chattanooga, its successors and assigns, the Internal Revenue Service ("IRS"), its successors and assigns, Raymond Clayton Murray, Jr. ("Murray"), his heirs and assigns, the Board of Professional Responsibility of the Supreme Court of Tennessee, its successors and assigns, and any and all unknown claimants of any right, title, and/or interest in and to the herein described property [Doc. 1-1 at Page ID # 6-11]. Plaintiff has since voluntarily dismissed its cause of action against the City of Chattanooga and the Board of Professional Responsibility of the Supreme Court of Tennessee [Doc. 17].

In its Verified Complaint, Plaintiff sought judgment against Defendants, asking the Court to "adjudge and declare that Blue Point One, LLC, is the owner of the Property in fee simple and is entitled to the lawful, peaceful and continued possession of said real Property, and that Defendants and all persons claiming under them have no stake, right, title, lien or interest whatsoever in said Property, or any part thereof . . . ." [Doc. 1-1 at Page ID # 10]. Defendants Beard, McDonald,

Hypo, and Murray failed to answer the Verified Complaint after being served [Doc. 13-1 at ¶ 3-4; Doc 14-1 at ¶ 3-4[1]; Doc. 15-1 at ¶ 3-4; Doc. 18 at ¶ 4-5]. Default was entered against these Defendants [Doc. 11] and Plaintiff filed motions for default judgment against these Defendants [Docs. 13, 14, 15 & 16].

The motions for default judgment were referred for a hearing and the issuance of a report and recommendation pursuant to Fed. R. Civ. P. 55(b)(2) and 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 20]. An evidentiary hearing was duly noticed and held on January 10, 2014 [Doc. 21]. Defendants Beard, McDonald, Hypo, and Murray failed to appear at the hearing, despite having been served with notice, and did not make any contact with the Court. Defendant IRS filed a notice [Doc. 24], stating that it is not waiving its objection to Plaintiff's failure to file proof of service of process upon it, but also stating it does not object to Plaintiff's motion for default judgment against Defendants Beard, McDonald, Hypo, and Murray.

Counsel for Plaintiff appeared at the hearing and Plaintiff relied upon the affidavits and Verified Complaint filed in the record without presenting any further evidence. Based on the affidavits [Docs. 13-1, 14-1, 15-1 & 18], and taking as true the factual allegations contained in the Verified Complaint, I **FIND** as follows:

1. Plaintiff is a Tennessee limited liability company whose principal office address is 4548 Brainerd Road, Chattanooga, Tennessee 37411 [Doc. 1-1 at ¶ 1]. Plaintiff is the owner of a tract of real estate (the "Property") located in the City of Chattanooga, Hamilton County, Tennessee, by virtue of a transfer of the Property by Quitclaim Deed from McDonald dated November 11, 2011 and recorded on November 14, 2011 in Book 9514, Page 652 in

---

[1] Some documents filed in the record [*e.g.*, Docs. 13-1, 14-1, and 18] contain paragraphs that are incorrectly numbered. The Court has listed paragraph numbers as they should have been correctly numbered.

2

the Register's Office of Hamilton County, Tennessee [Doc. 1-1 at ¶ 4; Doc. 1-1 at Page ID # 16-17]. McDonald had purchased the Property at a back tax sale on or about June 23, 2011 [Doc. 1-1 at Page ID # 12]. The Property has the following legal description:

> IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE:
> Parts of Lot Twelve (12), and Thirteen (13), Block Four (4), Chattanooga Land, Coal, Iron and Railway Company's Addition, Map Number One (1), as shown by plat of record in Plat Book 3, Page 31, in the Register's Office of Hamilton County, Tennessee, and more particularly described as follows: Beginning on the North line of Winthrop Street at the Northwest intersection of Winthrop Street and an alley, being the Southeast corner of said Lot Twelve (12); thence running Northwestwardly along the Southwest line of said alley, one hundred twenty-five (125) feet to a turn in said alley; thence Westwardly, along the Southern line of said alley as at present located fifty-nine (59) feet; thence South twenty-six and one-half (26-1/2) degrees East, one hundred twenty (120) feet to the North line of Winthrop Street; thence Eastwardly along the North line of Winthrop Street, one hundred fifteen (115) feet to the beginning.

[Doc. 1-1 at ¶ 3; Doc. 1-1 at Page ID # 14]

2. Defendant Hypo is the beneficiary under a Deed of Trust dated January 9, 1992 executed by Beard to Grady Garrison, Trustee, for the benefit of Goldome Credit Corporation[2] and subsequently assigned to Hypo [Doc. 1-1 at ¶ 5]. The Deed of Trust is recorded in Book 3949, Page 78 in the Register's Office of Hamilton County, Tennessee [*Id.*].

3. Defendant Murray is the holder of a judgment lien against Beard recorded on August 18, 2006 in the Register's Office of Hamilton County, Tennessee in Book 8053, Page 594 and Appellant Order in Book 9096, Page 169 [Doc. 1-1 at ¶ 8]. Beard was the owner of the Property until the Property was purchased at the back tax sale by McDonald [Doc. 1-1 at ¶

---

[2] Goldome Credit Corporation is referenced in one court record [Doc. 1-1 at ¶ 5] as it is referenced here. In another record [Doc. 23], it is referenced as Gold Dome Credit Corporation, but Goldome Credit Corporation appears to be the correct name.

3

3].

4. Plaintiff filed its lawsuit to quiet title to the Property in the Chancery Court of Hamilton County, Tennessee on September 17, 2012 [Doc. 13-1 at ¶ 2; Doc. 14-1 at ¶ 2; Doc. 15-1 at ¶ 2; Doc. 18 at ¶ 3].

5. Defendant McDonald was served with process on September 19, 2012 by personal service [Doc. 13-1 at ¶ 3]. More than twenty-one (21) days have elapsed since McDonald was served and McDonald has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure [Doc. 13-1 at ¶ 4].

6. Defendant Murray was served with process on September 21, 2012 [Doc. 14-1 at ¶ 3]. More than twenty-one (21) days have elapsed since Murray was served and Murray has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure [Doc. 14-1 at ¶ 4].

7. Defendant Beard was served with process through the office of the Secretary of State on or about October 3, 2012 [Doc. 15-1 at ¶ 3]. More than twenty-one (21) days have elapsed since Beard was served and Beard has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure [Doc. 15-1 at ¶ 4].

8. Defendant Hypo was served with process through the office of the Secretary of State on or about September 24, 2012 [Doc. 18 at ¶ 4]. More than twenty-one (21) days have elapsed since Hypo was served and Hypo has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure [Doc. 18 at ¶ 5].

9. The lawsuit was removed to the United States District Court for the Eastern District of Tennessee by Notice of Removal filed by the IRS on October 18, 2012 [*Id.*].

After accepting all such findings as true and proven, I further **FIND** and **CONCLUDE** as

follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1444, as the action was brought against an agency of the United States, the IRS, which removed the case to this Court after the action was filed in the Chancery Court for Hamilton County.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the real property that is the subject of this suit is situated within this judicial district.

3. Defendants Beard, McDonald, Hypo, and Murray have failed to plead or otherwise defend the case properly filed and served upon them [Docs. 13-1, 14-1, 15-1 & 18]. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff is entitled to entry of a judgment by default against Defendants Beard, McDonald, Hypo, and Murray.

Based on the foregoing findings and conclusions, I **RECOMMEND**[3] that Plaintiff be awarded judgment against Defendants Beard, McDonald, Hypo, and Murray, as follows:

1. Defendants Beard, McDonald, Hypo, Murray, and all persons claiming under them, have no stake right, title, lien or interest whatsoever in following described Property, or any part thereof, and any such interest owned by Defendants Beard, McDonald, Hypo, Murray is divested from Defendants Beard, McDonald, Hypo, Murray:

> IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE:

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

    Parts of Lot Twelve (12), and Thirteen (13), Block Four (4), Chattanooga Land, Coal, Iron and Railway Company's Addition, Map Number One (1), as shown by plat of record in Plat Book 3, Page 31, in the Register's Office of Hamilton County, Tennessee, and more particularly described as follows: Beginning on the North line of Winthrop Street at the Northwest intersection of Winthrop Street and an alley, being the Southeast corner of said Lot Twelve (12); thence running Northwestwardly along the Southwest line of said alley, one hundred twenty-five (125) feet to a turn in said alley; thence Westwardly, along the Southern line of said alley as at present located fifty-nine (59) feet; thence South twenty-six and one-half (26-1/2) degrees East, one hundred twenty (120) feet to the North line of Winthrop Street; thence Eastwardly along the North line of Winthrop Street, one hundred fifteen (115) feet to the beginning.

2. Plaintiff is vested with legal title superior to any interest of Defendants Beard, McDonald, Hypo, and Murray in the Property.

3. The Court granted Defendant IRS sixty (60) days from the date that proof of proper service was filed with the Court within which to file its response to the Verified Complaint [Doc. 4]. To date, neither proof of service on, nor a responsive pleading by, the IRS has been filed. Any legal interest in the Property of Defendant IRS is not addressed or changed in any way by this Report and Recommendation.

                                                                                           s/ *Susan K. Lee*
                                                                        SUSAN K. LEE
                                                                        UNITED STATES MAGISTRATE JUDGE